**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PATRICK TOBIAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-3062-MDH** |
| | ) | |
| **MICHAEL BOWERSOX,** | ) | |
| | ) | |
| **Respondent** | ) | |

## ORDER

Before the Court is Petitioner Patrick Tobias' Petition for a Writ of Habeas Corpus.

(Doc. No. 1). Respondent filed a "Response to Order to Show Cause Why a Writ of Habeas

Corpus Should not Be Granted." (Doc. No. 9), and Petitioner filed a Traverse (Doc. No. 14).

Therefore, the matter is now ripe for review. Petitioner Patrick Tobias is incarcerated at the

South Correctional Center in Licking, Missouri as a result of the sentence and judgment issued

by the Circuit Court of St. Louis, County, Missouri. A jury found Tobias guilty of murder in the

first degree pursuant to § 569.140 R.S Mo and for armed criminal action pursuant to § 571.015

R.S. Mo. Tobias was sentenced to life in prison without parole for murder and twenty-five years

for armed criminal action. Petitioner's convictions were affirmed on direct appeal. *State v.

Tobias,* 299 S.W.3d 31 (E.D. Mo. 2009). Petitioner filed a motion for post-conviction relief

pursuant to Mo. Sup. Ct. R. 29.15, the denial of which was also affirmed. *State v. Tobias,* 368

S.W.3d 241 (E.D. Mo. 2012).[1]

---

[1] Petitioner also filed Writs of Habeas Corpus with the Circuit Court of Texas County, Missouri,
the Missouri Court of Appeals and the Supreme Court of Missouri. All these petitions were
denied. See Respondent's Exhibits U, Y, and W.

Petitioner now seeks relief from this Court pursuant to § 2254.  Petitioner raises eleven grounds for relief in his petition:  1) the trial court abused its discretion in denying Petitioner's Motion for New Trial or in the alternative, Motion to Examine Jurors Subsequent to Entry of Verdict; 2)  the trial court abused its discretion in overruling Petitioner's objections to the prosecutors' statements in closing argument regarding Petitioner's wife not talking to the prosecutors; 3) the motion court erred in accepting post-conviction counsel's "statement in lieu of filing an amended motion;" 4) the motion court erred in overruling Petitioner's Rule 29.15 motion without holding an evidentiary hearing; 5) the motion court erred in overruling Petitioner's Rule 29.15 motion without making specific findings of fact; and 6) the state withheld exculpatory evidence.  The remaining grounds are based on alleged ineffective assistance of counsel claims including: 7) trial counsel's failure to investigate a ballistic expert; 8) trial counsel's failure to confront Dr. Turner; 9) trial counsel's failure to confront Officer George; 10) trial counsel's failure to investigate the toxicology report; and 11) trial counsel's failure to investigate and call Detective Lloyd.

Respondent contends Grounds Three, Four and Five assert state law procedural errors that are not a valid basis for federal relief.  Respondent further contends Petitioner defaulted Grounds Six through Eleven on post-conviction appeal by not adequately developing his argument in his appellate brief.  Respondent argues "since Tobias included these claims in his post-conviction motion, any claim of cause based on ineffective assistance of counsel is without merit."

## **BACKGROUND**

The following background is taken from the Missouri Court of Appeals Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25 and the Missouri Court of

Appeals Memorandum Supplementing Order Affirming Judgment Pursuant to 84.16(b).

Respondent's Exhibits K and Q.

On December 11, 2006, Tobias, suspicious of his wife, Sherron's behavior, hid in the trunk of her car with food, water, a pillow, and a loaded gun. Although Sherron and Ashley Jamerson ("the victim") had previously had an affair, they were no longer sexually involved. Sherron testified she was unaware Tobias was in her trunk when she drove to the nursing home where she had previously worked with the victim. Sherron arrived at the nursing home and learned Jamerson was not working that night. Sherron then called him and drove to his home. When Sherron got to the victim's house, Tobias jumped out of the trunk and confronted him.

Officer Rodney Woodall was patrolling on the victim's street late that night when he observed two men arguing in the middle of the street from his patrol car. He testified that Tobias "moved his hands up and down" in a more aggressive manner, while the victim had his hands by his side. As Officer Woodall slowed his car to stop, he saw Tobias reach in his waistband, pull out a handgun and shoot the victim four times. The victim died from a gunshot wound to his neck.

The defendant's only witness was Sherron Tobias. At trial, she testified that she exited her car and hugged the victim when the defendant jumped out of the car. According to Sharon's testimony, the victim was wearing brass knuckles, throwing his hands and yelling at the defendant. On cross-examination, Sherron stated that she never called the police or the prosecutor to tell them that the victim had brass knuckles, or that she had hugged him. She admitted the police and investigator had contacted her children but stated she did not know they were trying to contact her. The state asked "Because you wouldn't call us back when we left you messages?" The defendant objected arguing the question assumed facts not in evidence. The trial court overruled the objection because Sherron had previously stated her children had received phone calls from the police. Sherron never answered this question, and the State finished its cross-examination.

A jury convicted Tobias of first-degree murder and armed criminal action. Defendant moved for a new trial, arguing the State argued facts not in evidence, including that Sherron would not respond to the investigator or prosecutor. The defendant also filed a motion for new trial or in the alternative defendant's motion to examine jurors subsequent to entry of verdict.

The court sentenced him as a prior offender to life without parole on both counts, the sentences to run concurrently. This Court affirmed his convictions. *State v. Tobias,* 299 S.W.3d 31 (E.D. Mo. 2009). Tobias filed a motion for post-conviction relief pursuant to Rule 29.15, which was denied without an evidentiary hearing.

Respondent's Exhibits K and Q (internal quotations omitted).

**LEGAL STANDARD**

A district court shall entertain petitioner's application for a writ of habeas corpus if the person is in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record." *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. 1984). The state court's determination of factual issues shall be presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, the state courts' findings have fair support in the record and the petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous. Therefore, the Court defers to and adopts the factual findings of the state court.

**GROUND ONE**

In Ground One, Petitioner asserts a claim that the trial court abused its discretion in denying Petitioner's motion for new trial, or in the alternative motion to examine jurors. Petitioner argues that a prospective juror provided an affidavit and then testified that she overheard another prospective juror discuss Petitioner's prior criminal history. Petitioner argues the trial court's failure to allow questioning of *all* jurors deprived petitioner of his due process and right to a fair trial by an impartial jury.

The Court of Appeals denied this ground as follows:

> The defendant argues that a complete and thorough examination of the jurors
> would be the only way to ascertain whether the jury had knowledge of the defendant's
> criminal history. He asks the court to reverse and remand for a hearing where he can
> question the jurors. Courts have discretionary power to grant permission for contact with

4

jurors after a trial. *Strong v. State,* 263 S.W.3d. 636, 643 (Mo. Ban 2008)(citing *State v. Jones,* 979 S.W.2d 171, 183 (Mo. Banc 1998)). We will review the trial court's denial of the defendant's motion to examine jurors for an abuse of discretion. The trial court abuses its discretion when its ruling is clearly against logic of circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Brown,* 998 S.W.2d 531, 540 (Mo. Ban 1999).

In a felony trial, the misconduct of jurors warrants reversal if jurors were subjected to improper influences as a result of the misconduct. *State v. Thompson,* 955 S.W.2d 828, 830 (Mo. App. W.D. 1997). Once the defendant shows juror misconduct, the burden shifts to the State to prove that the misconduct did not improperly influence the jury. *Id.* In this case, the defendant has been unable to show juror misconduct. He claims the trial court prevented him from proving juror misconduct by prohibiting contact with the jury. The defendant, however, has no inherent right to contact and interview jurors. *Strong,* 263 S.W.2d at 643. Instead, courts have discretion to grant access to the jury. *Id.* …

We cannot say the trial court abused its discretion in denying the defendant's motion to examine jurors. The court found no credible evidence of juror misconduct. It partially based its findings on the testimony of Evans, which failed to adequately identify the woman who allegedly made the statements about the defendant's criminal history. In addition, the court recalled the jury's surprise and relief when they learned of the defendant's criminal history. Finally, the members of the jury were properly instructed not to talk about the case or conduct outside research, and the court has no knowledge that they jury disregarded these instructions.

Respondent's Exhibit K, pages 8-9.

Under 28 U.S.C. § 2254(d), this Court defers to the state court's rulings unless there is evidence that the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); (e)(1); *Estelle v. McGuire,* 502 U.S. 62, 67-8 (1991); *Sweet v. Delo,* 125 F.3d 1144, 1153 (8th Cir. 1997).

The record establishes, after Petitioner filed his Motion for a New Trial, the trial court scheduled a hearing and subpoenaed the prospective juror, Ms. Evans, identified by Petitioner. The trial court heard evidence regarding the claim of juror communications, but found no

evidence that any juror had any information about Petitioner's criminal history.  The Missouri

Court of Appeals affirmed that the trial court was within its discretion in not allowing additional

contact with the jury.

There is no evidence before this Court that the state courts' rulings are contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States, or are decisions based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

Petitioner has failed to provide any evidence to rebut the state courts' rulings.  For the reasons

stated herein, Petitioner's first ground for relief is denied.

## GROUND TWO

The Petitioner's second ground is that the trial court abused its discretion in overruling

Petitioner's objection after the prosecutor made comments during closing arguments regarding

Petitioner's wife's failure to talk to the prosecutors or return their phone calls.  Petitioner argues

this was contrary to the evidence in the record.

The Missouri Court of Appeals denied this ground stating:

> The trial court has broad discretion when ruling on objections during closing argument.  *State v. Delancy,* 258 S.W.3d 110, 116 (Mo. App. E.D. 2008).  The State may argue facts admitted into evidence and the reasonable inference from that evidence during closing argument.  *Id.*  It may not argue matters outside the scope of the pleadings and the evidence.  *Id.*  We will review the trial court's rulings on the propriety of closing argument for an abuse of discretion.  *State v. Brown,* 231 S.W.3d 268, 272 (Mo. App. W.D. 2007).  An improper argument will not require reversal unless it prejudices the defendant.  *State v. Forrest,* 183 S.W.3d 218, 226 (Mo. 2006).

> In the instant case, the State's argument that Sherron would not talk to the prosecutor or his investigator is a reasonable inference from the evidence presented at trial.  Sherron testified that the prosecutor had contacted her children by telephone.  She also testified that she never contacted the prosecutor or the investigator.  A reasonable inference from this evidence is that the prosecutor was attempting to reach Sherron, the murder witness, and not her children when he was calling.

6

Further, assuming that the State's argument was not a reasonable inference from the evidence, the defendant was not prejudiced. The trial court gave the jury Instruction No. 16, patterned after Missouri Approved Instruction 302.06, which states: The attorneys will now have the opportunity of arguing the case to you. Their arguments are intended to help you in understanding the evidence and applying the law, but they are not evidence. We presume that the jury followed these instructions. *State v. Norman,* 243 S.W.3d 466, 473 (2007). The court also reminded the jurors to recall the evidence as they remember it when the defendant objected during the State's closing argument.

Respondent's Exhibit K pages 9-10.

The record shows that during the trial, Sherron (Petitioner's wife) testified to a different version of the events that took place the night of the murder, compared to the original statement she gave to the police a few hours after the incident. During Sherron's cross-examination, the prosecutor asked Sherron about whether she had contacted the prosecutor's office, or the police, to discuss the significant changes from her original statement. She admitted she did not. She was also asked why she did not respond to the prosecutors' attempts to contact her. She testified she did not know about any attempts to contact her. She was also asked whether she remembered an investigator trying to contact her. Petitioner's counsel objected to this question as assuming facts not in evidence. The objection was sustained. However, Sherron later admitted she had talked to an investigator when she was served a subpoena. She also testified she knew the investigator or prosecutor had attempted to contact her children. During closing arguments, the prosecutor made a comment that Sherron wouldn't talk to the prosecutor, he stated "She wouldn't talk to me. She wouldn't talk to my investigator. All of a sudden, she comes in and testifies –." Respondent's Exhibit E at 795. The trial court overruled Petitioner's objection that the statements were not supported by the evidence and stated "the jury will recall the evidence as they remember it." *Id*.

After a review of the record, this Court finds that this was not a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

7

determined by the Supreme Court of the United States, or a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.  28 U.S.C. § 2254.   See also *Villines v. Denny,* 2012 WL 692999 * 3 (W.D. Mo.

Feb. 29, 2012).  For the reasons set forth herein, Ground Two is denied.

**GROUNDS THREE, FOUR AND FIVE**

Petitioner's Grounds Three, Four and Five are based on his Rule 29.15 post-conviction

motion.  Respondent argues Grounds Three, Four and Five assert state law procedural errors that

are not a valid basis for federal relief.

First, Ground Three raises the issue of whether the motion court erred in accepting post-

conviction counsel's "Statement in Lieu of Filing an Amended Motion under Rule 29.15,"

because it deprived him of due process.  Respondent's Exhibit Q.  The record shows that

Petitioner filed a 285 page *pro se* post-conviction motion.  Then, after counsel was appointed,

counsel filed a statement in lieu of amended motion.  The filing by counsel is authorized by

Missouri Supreme Court Rule 29.15(e).  The Missouri Court of Appeals found that post-

conviction counsel provided Petitioner with a copy of the statement, informed him of the date of

the statement's filing, informed him he had 10 days to file a response, and Petitioner did not file

a response.  The Missouri Court of Appeals held that the record contained evidence that

appointed counsel complied with Rule 29.15(e).  The Missouri Court of Appeals cited to

*Mitchem v. State,* 250 S.W.3d 749, 751 (Mo. App. W.D. 2008) stating "allegations of

ineffectiveness of post-conviction counsel are only cognizable if it amounts to abandonment."

On Ground Four, the Court of Appeals further found no merit to the claim Petitioner

should have had an evidentiary hearing.  The Court of Appeals stated "where … there is

overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the

8

challenged actions of trial counsel, the jury would have the movant not guilty… the movant suffers no prejudice…" Respondent's Exhibit Q, citing *Dawson v. State,* 315 S.W.3d 732, 733 (Mo. App. W.D. 2010).

Finally, with regard to Ground Five, Petitioner's claim that the motion court clearly erred by not making specific findings of fact regarding the allegations that appellate counsel rendered ineffective assistance, the Court of Appeals stated "a court is not required to individually address every claim brought by the movement." Respondent's Exhibit Q, citing *Hurst v. State,* 352 S.W.3d 407 (Mo. App. E.D. 2011). The Court of Appeals noted that the motion court grouped petitioner's claims of ineffective assistance of counsel into four separate areas: sufficiency of the evidence; prosecutor's closing argument; challenges to the jury panel and instructional error. Respondent's Exhibit Q. The motion court then made "sufficiently specific findings" in each group. *Id.* The Missouri Court of Appeals held the "motion court addressed each group of Tobias' claims with sufficient specificity to allow this court to meaningfully review its findings." Respondent's Exhibit Q.

Here, Petitioner's grounds are outside the scope of a federal habeas petition. As previously stated, this Court defers to the state court's interpretation of state law. *Schleeper v. Groose,* 36 F.3d 735, 737 (8th Cir. 1994). In § 2254 proceedings, federal courts are limited to deciding whether the conviction in state court somehow violated the federal Constitution or federal laws. *Id.*; citing *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991). Federal courts may not re-examine the state court's interpretation and application of the state laws. *Id.* As a result, even a state court's misapplication of its own procedural rule is not cause for default in a federal writ of habeas corpus action. *Id.*, citing *Richardson v. Thigpen*, 883 F.2d 895, 898 (11th Cir.), cert. denied, 110 S.Ct. 171 (1989). The 8th Circuit has noted "an infirmity in a state post-conviction

proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose,* 110 F.3d 1346, 1351-52 (8th Cir. 1997).

The Missouri Court of Appeals found the basis for Petitioner's Grounds Three, Four and Five were meritless. Respondent's Exhibit Q. This Court has reviewed the evidence before it and defers to the state court's interpretation of the law. There is no evidence, let alone clear and convincing evidence, that this was a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. For the reasons set forth herein, Grounds Three, Four and Five are denied.

## GROUND SIX

Petitioner's Ground Six alleges the state withheld a surveillance video from Officer Woodall's patrol car. At trial, Officer Woodall testified that his surveillance camera was not working at the time of the offense. The motion court denied Petitioner's claims regarding the videotape and stated Officer Woodall's testimony was that the camera was not working.

The state court's findings are presumed to be correct under 28 U.S.C. § 2254(e)(1). Further, it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 131 S.Ct. 13, 16 (2010). State trial courts are afforded wide discretion with evidentiary rulings. "Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." *Rousan v. Roper,* 436 F.3d 951, 958 (8th Cir. 2006)(citation and internal quotations omitted), *cert denied,* 549 U.S. 835 (2006).

Here, the evidence supports that there was not a surveillance tape of the events that took place. The testimony from Officer Woodall regarding the absence of a surveillance tape was found to be credible by the state courts. This Court defers to the court's findings on the credibility of the testimony. *Perry v. Kemna,* 356 F.3d 880, 885 (8th Cir. 2004). Petitioner has offered no evidence to refute the evidence regarding the existence of a tape. As previously discussed, this Court defers to the state court, unless there is clear and convincing evidence to rebut the decision. Here, Petitioner offers no additional evidence to support this argument. For the reasons set forth herein, Ground Six is denied.

## GROUNDS SEVEN, EIGHT, NINE, TEN AND ELEVEN

Petitioner's Grounds Seven, Eight, Nine, Ten and Eleven are all claims of ineffective assistance of counsel. Ground Seven alleges trial counsel should have hired a ballistics expert; Ground Eight asserts trial counsel should have asked the medical examiner additional questions; Ground Nine alleges trial counsel erroneously attributed a report to Officer Woodall rather than Detective Romo during cross-examination; Ground Ten alleges trial failed to properly investigate the toxicology report; and Ground Eleven asserts trial counsel should have called Officer Lloyd to testify.

There is a "doubly deferential" standard for ineffective assistance of counsel claims brought in federal court. *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1420 (2009). First, a petitioner must satisfy the high standard set forth in *Strickland v. Washington,* 466 U.S. 688 (1984) by showing that (1) counsel's performance fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) petitioner was prejudiced to the extent that the result of the proceeding would have been different. *Id.*, see

11

also *United States v. Martinez-Salinas,* 573 F.3d 595, 598-599 (8th Cir. 2009); *Parker v. Bowersox*, 94 F.3d 458, 461 (8th Cir.1996); *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997).

If Petitioner can show the two elements under *Strickland*, then they must show that the state court's adjudication of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Owens v. Dormire,* 198 F.3d 679, 681 (8th Cir. 1999); *Thai v. Mapes,* 421 F.3d 970, 975 (8th Cir. 2005); 28 U.S.C. § 2254(d)(1),(2).

The Missouri Court of Appeals stated the following with regard to Petitioner's claims of ineffective assistance of counsel:

> In this case, Tobias filed a motion consisting of more than two hundred pages of argument, including fourteen claims of ineffective assistance of trial counsel. In his brief, Tobias alleges he had five claims that his trial counsel failed to conduct a complete investigation, seven claims that she failed to prepare for trial, and two claims that she failed to litigate. Although Tobias contends he alleged facts to support the claims, he does not argue how or why the motion court erred in overruling these claims. Additionally, Tobias fails to sustain his burden to demonstrate prejudice.
>
> For example, Tobias claimed he received ineffective assistance of trial counsel when his trial counsel failed to impeach Officer Woodall, the police officer who witnessed the shooting. However, a review of the transcript reveals trial counsel's extensive and competent cross-examination adduced numerous minor inconsistencies between Officer Woodall's earlier deposition and his trial testimony.
>
> Tobias also claimed he received ineffective assistance of trial counsel when his trial counsel was unprepared to cross-examine Dr. Jane Turner, the State's expert witness who conducted the autopsy on the victim. In reviewing Dr. Turner's testimony, we note Tobias' trial counsel properly objected during direct examination, and vigorously and skillfully conducted cross-examination. Moreover, there is no evidence the victim's death was caused by anything other than a gunshot wound inflicted by Tobias. Thus, Tobias failed to show any prejudice sustained by his trial counsel's performance.
>
> The remainder of Tobias' claims are equally without merit. The record reveals each of his allegations are refuted by the evidence. Based on the overwhelming evidence

of Tobias' guilt, it is not reasonable to conclude that but for trial counsel's allegedly deficient performance, the jury would have found him not guilty. Tobias hid in the trunk of his wife's car and lay in wait for the victim with a supply of food, water and a handgun. The victim was unarmed when Movant confronted him and shot him four times. A police officer witnessed the entire incident and testified to what he saw. The shell casings found at the scene and the bullets in the victim's body matched Tobias' gun. Where … there is overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the challenged actions of trial counsel, the jury would have found the movant not guilty… the movant suffers no prejudice… *Dawson v. State,* 315 S.W.3d 732, 733 (Mo. App. W.D. 2010)(internal citations omitted). Thus, the motion court did not err in overruling Tobias' Rule 29.15 motion without an evidentiary hearing.

Respondent's Exhibit Q, pages 7-8.

After a review of the record, and applying the applicable standards of review to these facts, this Court finds that the state court's determination was not a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254. For the reasons set forth herein, Grounds Seven, Eight, Nine, Ten and Eleven are denied.

## CERTIFICATE OF APPEALIBILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

WHEREFORE, it is **ORDERED** that:

1) The petition for writ of habeas corpus is **DENIED**;

13

2) The issuance of a certificate of appealability is **DENIED**; and

3) The case is dismissed with prejudice.

Date: February 6, 2015                                 */s/ Douglas Harpool*
                                                        Douglas Harpool
                                                        United States District Judge

14